# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTIMUM VECTOR DYNAMICS LLC<br><br>Plaintiff(s),<br><br>v.<br><br>LOWES HOME CENTERS LLC<br><br>Defendant(s). | Case No.<br>2:26–cv–00856–MWC–PVC<br><br>**STANDING ORDER<br>RE PATENT CASES** |

## 1.   SCOPE OF RULES

### 1-1.   Title

These are the Standing Patent Rules governing cases assigned to Judge Michelle Williams Court. They should be cited as "S.P.R.\_."

### 1-2.   Scope and Construction

These rules apply to all civil actions filed in or transferred to this Court which allege infringement of a utility patent in a complaint counterclaim, cross-claim or third party claim, or which seek a declaratory judgment that a utility patent is not infringed, is invalid or is unenforceable. The Local Rules of this Court shall also apply to such actions, except to the extent that they are inconsistent with these Standing Patent Rules. If the filings or actions in a case do not trigger the application of these Standing Patent Rules under the terms set forth herein, the parties shall, as so as such circumstances become known, meet and confer for the purpose of agreeing on the application of these Standing Patent Rules to the case and promptly report the results of the meet and confer to the Court.

### 1-3.   Modification of these Rules

The Court may modify the obligations or deadlines set forth in these Standing Patent Rules based on the circumstances of any particular case, including, without limitation, the simplicity or complexity of the case as shown by the patents, claims, products, or parties involved. Such modifications shall, in most cases, be made at the initial case management conference, but may be made at other times upon a showing of good cause. In advance of submission of any request for a modification, the parties shall meet and confer for purposes of reaching an agreement, if possible, upon any modification.

## 2.   GENERAL PROVISIONS

### 2-1.   Governing Procedure

**(a)  Notice of Pendency of Other Action Involving Same Patent.**

(1)  When actions concerning the same patent are filed within two years of each other by the same plaintiff, they will be deemed related.

(2)  Whenever a party knows or learns that actions concerning the same patent have been filed within two years of each other by the same plaintiff, the party must promptly file in each such case A Notice of Pendency of Other Action Involving Same Patent.

**(b) Initial Case Management Conference.** When the parties confer pursuant to Fed. R. Civ. P. 26(f), in addition to the matters covered by Fed. R. Civ. P. 26, the parties shall discuss and address in the Case Management Statement filed pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1, the following topics:

**(1)** Proposed modification of the obligations or deadlines set forth in these Standing Patent Rules to ensure that they are suitable for the circumstances of the particular case (see S.P.R 1-3);

**(2)** The scope and timing of any claim construction discovery (including disclosure of and discovery from any expert witness permitted by the court) and damages discovery;

**(3)** The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing; and

**(4)** How the parties intend to educate the court on the technology at issue.

**(5)** The parties shall provide the court with a non-binding, good-faith estimate of the damages range expected for the case along with an explanation for the estimates. If either party is unable to provide such information, that party shall explain why it cannot and what specific information is needed before it can do so. Such party shall also state the time by which it should be in a position to provide that estimate and explanation.

## 2-2.  Confidentiality

Discovery cannot be withheld on the basis of confidentiality absent Court order. The Protective Order authorized by the Northern District of California shall govern discovery unless the Court enters a different protective order. The approved Protective Order can be found on the Northern District of California's website.

## 2-3.  Certification of Disclosures

All statements, disclosures, or charts filed or served in accordance with these Standing Patent Rules shall be dated and signed by counsel of record. Counsel's signature shall constitute a certificate that to the best of his or her knowledge, information, and belief, formed after an inquiry that is reasonable under the circumstances, the information contained in the statement, disclosure, or chart is complete and correct at the time it is made.

**2-4.    Admissibility of Disclosures**

Statements, disclosures, or charts governed by these Standing Patent Rules are admissible to the extent permitted by the Federal Rules of Evidence or Procedure. However, the statements and disclosures provided for in S.P.R 4-1 and 4-2 are not admissible for any purpose other than in connection with motions seeking an extension or modification of the time periods within which actions contemplated by these Standing Patent Rules shall be taken.

**2-5.    Relationship to Federal Rules of Civil Procedure**

Except as provided in this paragraph or as otherwise ordered, it shall not be a ground for objecting to an opposing party's discovery request (e.g., interrogatory, document request, request for admission, deposition question) or declining to provide information otherwise required to be disclosed pursuant to Fed. R. Civ. P. 26(a)(1) that the discovery request or disclosure requirement is premature in light of, or otherwise conflicts with, these Standing Patent Rules, absent other legitimate objection. A party may object, however, to responding to the following categories of discovery requests (or decline to provide information in its initial disclosures under Fed. R. Civ. P. 26(a)(1)) on the ground that they are premature in light of the timetable provided in the Standing Patent Rules:

**(a)**   Requests seeking to elicit a party's claim construction or damages positions;

**(b)**   Requests seeking to elicit from the patent claimant a comparison of the asserted claims and the accused apparatus, product, device, process, method, act, or other instrumentality;

**(c)**   Requests seeking to elicit from an accused infringer a comparison of the asserted claims and the prior art; and

**(d)**   Requests seeking to elicit from an accused infringer the identification of any advice of counsel, and related documents.

Where a party properly objects to a discovery request (or declines to provide information in its initial disclosures under Fed. R. Civ. P. 26(a)(1)) as set forth above, that party shall provide the requested information on the date on which it is required to be provided to an opposing party under these Standing Patent Rules or as set by the Court, unless there exists another legitimate ground for objection.

4

**PATENT DISCLOSURERS**

**3-1.    Disclosure of Asserted Claims and Infringement Contentions**

Not later than 14 days after the Initial Case Management Conference, a party claiming patent infringement shall serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information:

**(a)**  Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;

**(b)**  Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

**(c)**  A chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.

**(d)**  For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.

**(e)**  Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

**(f)**  For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

**(g)**  If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own or its licensee's apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each

asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

(h)  Identify the timing of the point of first infringement, the start of claimed damages, and the end of claimed damages; and

(i)  If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

## 3-2.   Document Production Accompanying Disclosure

With the "Disclosure of Asserted Claims and Infringement Contentions," the party claiming patent infringement shall produce to each opposing party or make available for inspection and copying:

(a)  Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, or any public use of, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

(b)  All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to S.P.R 3-1(f), whichever is earlier;

(c)  A copy of the file history for each patent in suit;

(d)  All documents evidencing ownership of the patent rights by the party asserting patent infringement;

(e)  If a party identifies instrumentalities pursuant to S.P.R 3-1(g), documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims;

(f)  All agreements, including licenses, transferring an interest in any patent-in-suit;

(g)  All agreements that may be related to the accused instrumentality or may be comparable to a license that would result from a hypothetical reasonable royalty negotiation;

(h)  All agreements that otherwise may be used to support the party asserting infringement's damages case;

(i)  If a party identifies instrumentalities pursuant to S.P.R 3-1(g), documents sufficient to show marking of such embodying accused instrumentalities and if it wants to preserve the right to recover lost profits based on such products, sales, revenues, costs and profits of such embodying accused instrumentalities; and

(j)  All documents comprising or reflecting a F/RAND commitment or agreement with respect to the asserted patent(s).

The producing party shall separately identify by production number which documents correspond to each category.

**3-3.     Invalidity Contentions**

Not later than 45 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions," each party opposing a claim of patent infringement, shall serve on all parties its "Invalidity Contentions" which shall contain the following information:

(a)  The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher. Each alleged sale or public use shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. For pre-AIA claims, prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. For pre-AIA claims, prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(b)  Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

(c)  A chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

**(d)** Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

**3-4.     Document Production Accompanying Invalidity Contentions**

With the "Invalidity Contentions," the party opposing a claim of patent infringement shall produce or make available for inspection and copying:

**(a)** Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its S.P.R 3-1(c) chart;

**(b)** A copy or sample of the prior art identified pursuant to S.P.R 3-3(a) which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced;

**(c)** All agreements that may be related to the accused instrumentality or may be comparable to a license that would result from a hypothetical reasonable royalty negotiation;

**(d)** Documents sufficient to show the sales, revenue, cost, and profits for accused instrumentalities identified pursuant to S.P.R 3-1(b) for any period of alleged infringement; and

**(e)** All agreements that may be used to support the party denying infringement's damages case.

The producing party shall separately identify by production number which documents correspond to each category.

**3-5.     Disclosure Requirement in Patent Cases for Declaratory Judgment of Invalidity**

**(a)  Invalidity Contentions If No Claim of Infringement**. In all cases in which a party files a complaint or other pleading seeking a declaratory judgment that a patent is invalid S.P.R 3-1 and 3-2 shall not apply unless and until a claim for patent infringement is made by a party. If the defendant does not assert a claim for patent infringement in its answer to the complaint, no later than 14 days after the defendant serves its answer, or 14 days after the Initial Case Management Conference, whichever is later, the party seeking a declaratory judgment of invalidity shall serve upon each opposing party its Invalidity Contentions that conform to S.P.R 3-3 and produce or make available for inspection and copying the documents described in S.P.R 3-4.

8

**(b) Inapplicability of Rule**. This S.P.R 3-5 shall not apply to cases in which a request for a declaratory judgment that a patent is invalid is filed in response to a complaint for infringement of the same patent.

**3-6.    Amendment to Contentions**

Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:

**(a)** A claim construction by the Court different from that proposed by the party seeking amendment;

**(b)** Recent discovery of material, prior art despite earlier diligent search; and

**(c)** Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions.

**3-7.    Advice of Counsel**

Not later than 30 days after service by the Court of its Claim Construction Ruling, each party relying upon advice of counsel as part of a patent-related claim or defense for any reason shall:

**(a)** Produce or make available for inspection and copying any written advice and documents related thereto for which the attorney-client and work product protection have been waived;

**(b)** Provide a written summary of any oral advice and produce or make available for inspection and copying that summary and documents related thereto for which the attorney-client and work product protection have been waived; and

**(c)** Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the advice which the party is withholding on the grounds of attorney-client privilege or work product protection.

A party who does not comply with the requirements of this S.P.R 3-7 shall not be permitted to rely on advice of counsel for any purpose absent a stipulation of all parties or by order of the Court.

**3-8.    Damages Contentions**

Not later than 50 days after service of the Invalidity Contentions, each party asserting infringement shall identify each of the category(-ies) of damages it is seeking for the asserted infringement (e.g., lost profits, reasonable royalty, price erosion, convoyed sales, etc.), and for each category of damages sought, provide a good faith explanation of the theory of damages and the factual basis for damages. By way of example only, if a party is seeking price erosion, it should state the period during which the price erosion occurred and the quantum of price erosion. For convoyed sales, the party should identify the convoyed sales and explain why they qualify as convoyed sales. For reasonable royalty damages, a party should explain the extent to which it is seeking cost-savings or cost-avoidance royalties, profit split royalties, comparable license royalties or any other basis for royalties.

A party may not amend, without leave, its identification of the categories of damages it is seeking.

**3-9.    Responsive Damages Contentions**

Not later than 30 days after service of the Damages Contentions served pursuant to S.P.R. 3-8, each party denying infringement shall disclose in good faith material facts of which it is aware that are relevant to a category of damages disclosed under Rule 3-8.

By way of example only, if a party is aware of material facts regarding an existing non-infringing alternative, intervening rights, a marking defense, foreign sales or other damages limitations that it believes would alter a damages calculation, it should disclose the basis for its belief.

**3-10.    Damages Contentions Meeting**

Not later than 60 days after the response date for any required disclosure under Rule 3-9, the parties shall

(a)   meet, with or without counsel of record, and shall disclose their good faith estimate of damages, assuming infringement and validity; and

(b)   submit a Damages Meeting Certification that certifies the meeting has taken place and identifies the individuals who participated in the meeting.

Nothing said or written during or in the course of the meeting, or for the purpose of the meeting, can be received in evidence, compelled in discovery, or compelled as testimony in any proceeding.

## CLAIM CONSTRUCTION PROCEEDINGS

### 4-1.   Exchange of Proposed Terms for Construction

(a)   Not later than 14 days after service of the "Invalidity Contentions" pursuant to S.P.R 3-3, not later than 42 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions" in those actions where validity is not at issue (and S.P.R 3-3 does not apply), or, in all cases in which a party files a complaint or other pleading seeking a declaratory judgment not based on validity, not later than 14 days after the defendant serves an answer that does not assert a claim for patent infringement (and S.P.R 3-1 does not apply), each party shall serve on each other party a list of claim terms which that party contends should be construed by the Court, and identify any claim term which that party contends should be governed by 35 U.S.C. § 112(6).

(b)   The parties shall thereafter meet and confer for the purposes of limiting the terms in dispute by narrowing or resolving differences and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement. The parties shall also jointly identify the 10 terms likely to be most significant to resolving the parties' dispute, including those terms for which construction may be case or claim dispositive.

### 4-2.   Exchange of Preliminary Claim Constructions and Extrinsic Evidence

(a)   Not later than 21 days after the exchange of the lists pursuant to S.P.R 4-1, the parties shall simultaneously exchange proposed constructions of each term identified by either party for claim construction. Each such "Preliminary Claim Construction" shall also, for each term which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that term's function.

(b)   At the same time the parties exchange their respective "Preliminary Claim Constructions," each party shall also identify all references from the specification or prosecution history that support its proposed construction and designate any supporting extrinsic evidence including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses. Extrinsic evidence shall be identified by production number or by producing a copy if not previously produced. With respect to any supporting witness, percipient or expert, the identifying party shall also provide a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction.

(c)   The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement.

**4-3.   Joint Claim Construction and Prehearing Statement and Expert Reports**

Not later than 60 days after service of the "Invalidity Contentions," the parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

(a)   The construction of those terms on which the parties agree;

(b)   Each party's proposed construction of each disputed term, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;

(c)   An identification of the terms whose construction will be most significant to the resolution of the case up to a maximum of 10. The parties shall also identify any term among the 10 whose construction will be case or claim dispositive. If the parties cannot agree on the 10 most significant terms, the parties shall identify the ones which they do agree are most significant and then they may evenly divide the remainder with each party identifying what it believes are the remaining most significant terms. However, the total terms identified by all parties as most significant cannot exceed 10. For example, in a case involving two parties, if the parties agree upon the identification of five terms as most significant, each may only identify two additional terms as most significant; if the parties agree upon eight such terms, each party may only identify only one additional term as most significant.

(d)   The anticipated length of time necessary for the Claim Construction Hearing;

(e)   Whether any party proposes to call one or more witnesses at the Claim Construction Hearing, and the identity of each such witness.

(f)   An identification of any factual findings requested from the Court related to claim construction.

Unless the parties agree otherwise, not later than 60 days after service of the "Invalidity Contentions," any party that intends to rely on any witness who will give expert testimony to support that party's proposed constructions shall serve the other party or parties with a claim construction expert report for that witness. Such reports shall comply with the disclosure requirements of Fed. R. Civ. P. 26(A)(2)(B).

**4-4.    Completion of Claim Construction Discovery**

Not later than 30 days after service and filing of the Joint Claim Construction and Prehearing Statement, the parties shall complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Preliminary Claim Construction statement (S.P.R 4-2) or Joint Claim Construction and Prehearing Statement (S.P.R 4-3).

**4-5.    Claim Construction Briefs**

**(a)**  Not later than 45 days after serving and filing the Joint Claim Construction and Prehearing Statement, the party claiming patent infringement, or the party asserting invalidity if there is no infringement issue present in the case, shall serve and file an opening brief and any evidence supporting its claim construction.

**(b)**  Not later than 14 days after service upon it of an opening brief, each opposing party shall serve and file its responsive brief and supporting evidence.

**(c)**  Not later than 7 days after service upon it of a responsive brief, the party claiming patent infringement, or the party asserting invalidity if there is no infringement issue present in the case, shall serve and file any reply brief and any evidence directly rebutting the supporting evidence contained in an opposing party's response.

**4-6.    Claim Construction Hearing**

Subject to the convenience of the Court's calendar, two weeks following submission of the reply brief specified in S.P.R 4-5(c), the Court shall conduct a Claim Construction Hearing, to the extent the parties or the Court believe a hearing is necessary for construction of the claims at issue.

**4-7.    Good Faith Participation**

A failure to make a good faith effort to narrow the instances of disputed terms or otherwise participate in the meet and confer process of any of the provisions of section 4 may expose counsel to sanctions, including under 28 U.S.C. § 1927.

IT IS SO ORDERED.

Dated:  February 2, 2026

_____
HON. MICHELLE WILLIAMS COURT
United States District Judge

14