**BUNSOW DE MORY LLP**
Aaron R. Hand (SBN 245755)
ahand@bdiplaw.com
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248

**BURR & FORMAN, LLP**
Lance Lawson (*pro hac vice* forthcoming)
llawson@burr.com
101 South Tryon Street, Suite 2610
Charlotte, NC 28280
Telephone: (704) 347-1170

P. Cade Spivey (*pro hac vice* pending)
cspivey@burr.com
50 North Laura Street, Suite 3000
Jacksonville, FL 32202
Telephone: (904) 232-7200

*Attorneys for Defendant Lowe's Home Centers, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTIMUM VECTOR DYNAMICS LLC, a California limited liability company,<br><br>       Plaintiff,<br><br>       v.<br><br>LOWE'S HOME CENTERS, LLC, a North Carolina limited liability company,<br><br>       Defendant. | Case No. 2:26-cv-00856-MWC-PVC<br><br>**DEFENDANT LOWE'S HOME CENTERS, LLC NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT (Fed. R. Civ. P. 12(b)(6)); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Action filed:   Jan. 28, 2026<br><br>**Hearing:**<br>**Date:**  May 29, 2026<br>**Time:**  1:30 P.M.<br>**Ctrm:**  6A<br>**Judge:**  Hon. Michelle Williams Court |

Notice of Motion and Motion to Dismiss Complaint;
Memorandum of Points and Authorities in Support

Case No. 2:26-cv-00856-MWC-PVC

# NOTICE OF MOTION & MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on May 29, 2026, at 1:30 P.M., or as soon thereafter as the matter may be heard, before the Honorable Michelle Williams Court in Courtroom 6A of the U.S. District Court for the Central District of California, First Street U.S. Courthouse, 350 W 1st Street, Los Angeles, CA 90012-4565 Defendant Lowe's Home Centers, LLC ("Lowe's" or "Defendant") will and hereby does move this Court for an order:

1.      Dismissing Plaintiff's Complaint with prejudice under Rule 12(b)(6) because United States Patent No. 8,649,971 (the "'971 Patent") claims patent-ineligible subject matter under 35 U.S.C. § 101; and

2.      Dismissing Plaintiff's claim for pre-suit damages with prejudice under Rule 12(b)(6) for failure to plead actual or constructive notice under 35 U.S.C. § 287.

This motion is based on the Memorandum of Points and Authorities submitted herewith, any Reply Memorandum or other papers submitted in connection with this motion, the Complaint filed in this action, any matter of which the Court may properly take judicial notice, and any argument presented at the hearing.

Dated: April 6, 2026

/s/ Aaron R. Hand

Aaron R. Hand
*Attorney for Defendant*
*Lowe's Home Centers, LLC*

Notice of Motion and Motion to Dismiss Complaint;
Memorandum of Points and Authorities in Support

Case No. 2:26-cv-00856-MWC-PVC

## TABLE OF CONTENTS

NOTICE OF MOTION & MOTION ....................................................................2

TABLE OF CONTENTS ...................................................................................3

TABLE OF AUTHORITIES .............................................................................4

MEMORANDUM OF POINTS AND AUTHORITIES.......................................7

I.     INTRODUCTION.................................................................................7

II.    LEGAL STANDARD ...........................................................................8

    A.     Motion to Dismiss.......................................................................8

    B.     35 U.S.C. § 101 ...........................................................................8

    C.     Pre-Suit Damages........................................................................10

III.   THE '971 PATENT-IN-SUIT..............................................................10

IV.    THE '971 PATENT CLAIMS PATENT-INELIGIBLE SUBJECT MATTER..............................................................................................11

    A.     Alice Step One: The '971 Patent is directed to an abstract idea.........11

        1.     The claims can be performed by the human mind or with pen and paper. ...........................................................11

        2.     The claimed advance does not present a concrete technological solution. .......................................................13

        3.     The Husqvarna EPOS Features confirm the patent-ineligible character of the claims. ......................................15

        4.     The allegations in the Complaint fail *Alice* Step One. .............16

    B.     *Alice* Step Two: The claims do not provide an inventive concept. ....17

        1.     The individual claim elements are routine and conventional. ......................................................................17

        2.     The claim elements as an ordered combination fail to provide an inventive concept. ................................................19

        3.     The inventive concept allegations in the Complaint are conclusory and therefore insufficient. ..............................19

V.     THE COMPLAINT DOES NOT PLEAD SUFFICIENT FACTS FOR PRE-SUIT DAMAGES.................................................................21

VI.    CONCLUSION ....................................................................................22

CERTIFICATE OF COMPLIANCE.................................................................23

Notice of Motion and Motion to Dismiss Complaint;
Memorandum of Points and Authorities in Support

Case No. 2:26-cv-00856-MWC-PVC

## TABLE OF AUTHORITIES

### Cases

*Affinity Labs of Tex., LLC v. DirecTV, LLC*,
838 F.3d 1253 (Fed. Cir. 2016)...................................................................14

*AI Visualize, Inc. v. Nuance Commc'ns, Inc.*,
97 F.4th 1371 (Fed. Cir. 2024)..............................................................17, 18

*Alice Corp. Pty. v. CLS Bank Int'l*,
573 U.S. 208 (2014)...............................................................8, 9, 16, 19

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
24 F.3d 178 (Fed. Cir. 1994)....................................................................10

*Apple, Inc. v. Ameranth, Inc.*,
842 F.3d 1229 (Fed. Cir. 2016)................................................................13

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
950 F.3d 860 (Fed. Cir. 2020)...................................................................21

*Ariscale, LLC v. Razer USA, Ltd.*,
703 F. Supp. 3d 1153 (C.D. Cal. 2023) .......................................................8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)......................................................................................8

*Ask Sydney, LLC v. SNAP, Inc.*,
698 F. Supp. 3d 1194 (C.D. Cal. 2023) .......................................................9

*Aviation Capital Partners, LLC v. SH Advisors, LLC*,
No. 24-1099, 2025 WL 1303663 (Fed. Cir. May 6, 2025)........................20

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)......................................................................................8

*Beteiro, LLC v. DraftKings Inc.*,
104 F.4th 1350 (Fed. Cir. 2024)..........................................................18, 20

*buySAFE, Inc. v. Google, Inc.*,
765 F.3d 1350 (Fed. Cir. 2014)................................................................12

*Cascades Branding Innovation LLC v. Aldi, Inc.*,
728 F. Supp. 3d 917 (N.D. Ill. 2024) .......................................................20

*Chamberlain Group, Inc. v. Techtronic Indus. Co.*,
935 F.3d 1341 (Fed. Cir. 2019)................................................................19

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
859 F.3d 1352 (Fed. Cir. 2017)............................................................8, 11

*Concaten, Inc. v. AmeriTrak Fleet Sols., LLC*,
131 F. Supp. 3d 1166 (D. Colo. 2015).................................................12, 15

*Diamond v. Diehr*,
450 U.S. 175 (1981) ......................................................................................9

*DivX, LLC v. Hulu, LLC*,
No. 2:21-cv-01615 PSG (DFMx), 2021 WL 4459368 (C.D. Cal. Jun. 11, 2021).10

*Dunlap v. Schofield*,
152 U.S. 244 (1894)....................................................................................21

Notice of Motion and Motion to Dismiss Complaint;
Memorandum of Points and Authorities in Support

Case No. 2:26-cv-00856-MWC-PVC

*Electric Power Group, LLC v. Alstom S.A.*,
  830 F.3d 1350 (Fed. Cir. 2016).............................................................................13

*Free Stream Media Corp. v. Alphonso Inc.*,
  996 F.3d 1355 (Fed. Cir. 2021).............................................................................14

*Genetic Techs. Ltd. v. Merial L.L.C.*,
  818 F.3d 1369 (Fed. Cir. 2016).............................................................................8

*GoTV Streaming v. Netflix, Inc.*,
  166 F.4th 1053 (Fed. Cir. 2026)...........................................................................17

*IBM v. Zillow Grp.*,
  50 F.4th 1371 (Fed. Cir. 2022).............................................................................15

*In re Killian*,
  45 F.4th 1373 (Fed. Cir. 2022).............................................................................9

*Intellectual Ventures I LLC v. Symantec Corp.*,
  100 F. Supp. 3d 371 (D. Del. 2015).................................................................12, 18

*Location Based Servs., LLC v. Niantic, Inc.*,
  295 F. Supp. 3d 1031 (N.D. Cal. 2017).............................................................15, 18

*Lubby Holdings LLC v. Chung*,
  11 F.4th 1355 (Fed. Cir. 2021).............................................................................10

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*,
  566 U.S. 66 (2012).................................................................................................9

*Move, Inc. v. Real Estate Alliance Ltd.*,
  221 F. Supp. 3d 1149 (C.D. Cal. 2016)...............................................................20

*Netflix, Inc. v. Broadcom Inc.*,
  No. 24-09324, 793 F. Supp. 3d 1168 (N.D. Cal. 2025)......................................19

*Never-Search, Inc. v. Apple, Inc.*,
  No. 24-CV-03945-RFL, 2025 WL 943229 (N.D. Cal. Feb. 28, 2025)................15

*Recentive Analytics, Inc. v. Fox Corp.*,
  134 F.4th 1205 (Fed. Cir. 2025)...........................................................................14

*Rembrandt Soc. Media, LP v. Facebook, Inc.*,
  950 F. Supp. 2d 876 (E.D. Va. 2013)...................................................................21

*Sanderling Mgmt. Ltd. v. Snap Inc.*,
  2021 WL 3161175 (C.D. Cal. May 18, 2021)......................................................18

*Solutran, Inc. v. Elavon, Inc.*,
  931 F.3d 1161 (Fed. Cir. 2019).............................................................................9

*Trustees of Columbia University v. Gen Digital Inc.*,
  __ F.4th __, 2026 WL 679620 (Fed. Cir. Mar. 11, 2026)........................14, 17, 18

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*,
  874 F.3d 1329 (Fed. Cir. 2017).............................................................................15

*United Servs. Auto. Ass'n v. PNC Bank N.A.*,
  139 F.4th 1332 (Fed. Cir. 2025).............................................................................9

*Yangtze Memory Techs. Co., Ltd. v. Micron Tech., Inc.*,
  No. 23-CV-05792-RFL, 2024 WL 3422598 (N.D. Cal. July 16, 2024)..............21

Notice of Motion and Motion to Dismiss Complaint;
Memorandum of Points and Authorities in Support

Case No. 2:26-cv-00856-MWC-PVC

**<u>Statutes</u>**

35 U.S.C. § 101 ............................................................................................................... 8

35 U.S.C. § 287 ........................................................................................................... 10, 21

35 U.S.C. § 287(a) ....................................................................................................... 10

Notice of Motion and Motion to Dismiss Complaint;
Memorandum of Points and Authorities in Support

Case No. 2:26-cv-00856-MWC-PVC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Optimum Vector Dynamics LLC ("Plaintiff' or "OVD") filed this lawsuit against Defendant Lowe's Home Centers, LLC ("Lowe's" or "Defendant") on January 28, 2026, alleging that certain Husqvarna Exact Positioning Operating System ("EPOS") robotic mowers sold by Lowe's at Lowe's retail stores infringe United States Patent No. 8,649,971 (the "'971 Patent"). This is not OVD's first attempt to assert the '971 Patent against a seller of robotic lawnmowers. In a virtually identical prior action against Segway Inc. ("Segway") in this same Court, OVD asserted the same patent against the same type of accused products—robotic lawnmowers with navigation technology—on the same legal theories. *See Optimum Vector Dynamics LLC v. Segway Inc.*, Case No. 2:25-cv-05928-MWF (SSCx) (C.D. Cal.). In that case, Defendant Segway moved to dismiss on two grounds: (1) the '971 Patent claims patent-ineligible subject matter under 35 U.S.C. § 101; and (2) the complaint failed to plead facts sufficient to support pre-suit damages. The Segway litigation settled before the Court ruled on the motion, but the grounds for dismissal are equally compelling—and if anything, stronger—as applied to the Complaint filed against Lowe's in this case.

The '971 Patent is directed to a "navigation device" that outputs a message to a user who has deviated from a route to a first pre-designated stop on a multi-stop trip and inputs a command from the user on whether to re-route back to the missed stop or continue on to the next stop. This concept—recognizing that a waypoint has been missed and deciding whether to backtrack or continue—is nothing more than a patent-ineligible abstract idea. It is a mental process that can be, and has been, performed by human beings using nothing more than a paper map. To implement it, the '971 Patent relies on well-understood, routine, and conventional computer components, without claiming any specific improvement to the underlying technology. Accordingly, the Complaint should be dismissed because the claims are

Mem. in Support of Lowe's Motion to Dismiss                    Case No. 2:26-cv-00856-MWC-PVC

directed to patent-ineligible subject matter. 35 U.S.C. § 101; *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014).

Furthermore, Plaintiff's Complaint seeks "past damages at least since the filing of this Original Complaint," yet fails to plead the predicate facts that would entitle it to such damages. Specifically, Plaintiff fails to allege that Defendant or its licensees marked the patented product, or that actual notice of infringement was provided prior to the filing of this lawsuit. For these reasons, the Complaint should be dismissed in its entirety under Rule 12(b)(6), and the claim for pre-suit damages should be dismissed.

## II.   LEGAL STANDARD

### A.   Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* Critically, patent eligibility under 35 U.S.C. § 101 is a threshold legal question that is properly raised at the Rule 12(b)(6) stage of litigation. *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1359-60 (Fed. Cir. 2017) (citing *Genetic Techs. Ltd. v. Merial L.L.C.*, 818 F.3d 1369, 1373–74 (Fed. Cir. 2016)); *Ariscale, LLC v. Razer USA, Ltd.*, 703 F. Supp. 3d 1153, 1159 (C.D. Cal. 2023), *aff'd*, 2026 WL 34497 (Fed. Cir. Jan. 6, 2026) (noting appropriateness of ineligibility determination under Rule 12(b)(6)).

### B.   35 U.S.C. § 101

Section 101 provides that a patent may be granted on "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. The Supreme Court has clarified that "laws of nature, natural phenomena, and abstract ideas" are not eligible for patent

8

protection and set forth a two-step framework for distinguishing patents that claim natural concepts or abstract ideas from those that claim patentable applications of those concepts. *See Diamond v. Diehr*, 450 U.S. 175, 185 (1981); *Alice,* 573 U.S. at 217 (citing *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66 (2012)).

*Alice* **Step One** requires courts to "ask whether the claims focus on a specific means or method that improves the relevant technology or are directed to a result or effect that itself is the abstract idea and merely invoke generic processes and machinery." *Ask Sydney, LLC v. SNAP, Inc.*, 698 F. Supp. 3d 1194, 1198 (C.D. Cal. 2023) (internal quotations omitted), *aff'd,* No. 2024-1157, 2025 WL 1409867 (Fed. Cir. May 15, 2025). Courts have recognized categories of patent-ineligible abstract ideas, including (1) claims to mental processes, even if performed on a computer rather than in the human mind; (2) methods of organizing human activity; and (3) claims to results rather than to a means of achieving the claimed result. *In re Killian*, 45 F.4th 1373, 1382 (Fed. Cir. 2022).

*Alice* **Step Two** asks whether the claims add "an 'inventive concept' sufficient to 'transform' the claimed abstract idea into a patent-eligible application." *Solutran, Inc. v. Elavon, Inc.*, 931 F.3d 1161, 1166 (Fed. Cir. 2019) (quoting *Alice*, 573 U.S. at 221). But if the claimed elements are all well-understood, routine, or conventional activity known to the industry, they do not constitute an inventive concept. *Id.* at 1168-69.

Courts must "consider the elements of each claim both individually and 'as an ordered combination.'" *Alice*, 573 U.S. at 217. Furthermore, patent eligibility is properly assessed by reference to the claims themselves, not the specification: "the level of detail in the specification does not transform a claim reciting only an abstract concept into a patent-eligible system or method." *United Servs. Auto. Ass'n v. PNC Bank N.A.*, 139 F.4th 1332, 1337 (Fed. Cir. 2025).

Mem. in Support of Lowe's Motion to Dismiss                    Case No. 2:26-cv-00856-MWC-PVC

**C.    Pre-Suit Damages**

35 U.S.C. § 287 limits the extent to which damages may be recovered by a patent holder. *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1360-61 (Fed. Cir. 2021). A patent holder who sells a product covered by their patent cannot recover damages until the time that: (1) they or their licensees marked the patented products as patented (constructive notice), or (2) they provided the defendant with actual notice of infringement. 35 U.S.C. § 287(a). *Id.*; *see also Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994) ("For purposes of section 287(a), notice must be of 'the infringement,' not merely notice of the patent's existence or ownership."). The filing of a lawsuit constitutes actual notice, which means that where the filing of the complaint is the first instance of actual notice to the defendant, pre-suit damages are not available. *Lubby Holdings*, 11 F.4th at 1360-61 (holding that district court erred by not granting a judgment as a matter of law that the accused infringer was not liable for pre-suit damages where accused infringer's first notice of infringement was the filing of the complaint).

Claims for patent infringement seeking pre-suit damages should be dismissed under Rule 12(b)(6) upon a failure to plead either actual or constructive notice in the complaint. *DivX, LLC v. Hulu, LLC*, No. 2:21-cv-01615 PSG (DFMx), 2021 WL 4459368 (C.D. Cal. Jun. 11, 2021).

**III.    THE '971 PATENT-IN-SUIT**

The '971 Patent is entitled "Navigation Device" and was issued on February 11, 2014. Plaintiff OVD claims to be the assignee of the '971 Patent. The patent is directed to a navigation device that "enables a user to determine how to handle a waypoint on a route which the user has not passed."

The '971 Patent includes 19 claims, with Claims 1 (a device claim) and 19 (a method claim) as the independent claims. Claim 1 recites a "navigation device" comprising five components: (1) a setting unit configured to set waypoints and a destination; (2) a route searching unit configured to search for a whole route leading

10

to the destination via the waypoints; (3) a route guidance unit configured to carry out route guidance according to the searched route; (4) an output unit configured to output a message showing that a vehicle has deviated from a route leading to a first next waypoint toward which the vehicle has been heading, when the route guidance unit determines deviation by a predetermined distance or more and the vehicle is traveling along a route after the first next waypoint; and (5) an input unit configured to input a command indicating whether or not to travel via the first next waypoint in response to the message outputted by the output unit. Independent Claim 19 is merely Claim 1 rewritten in method format and adds nothing new. Because all claims share the same ineligible focus, Claim 1 serves as the representative claim for the § 101 analysis. *Cleveland Clinic*, 859 F.3d at 1360.

In this action, OVD alleges that Lowe's infringes the '971 Patent through its sale of robotic mowers at Lowe's retail stores (the "Lowe's Accused Products"). In the Segway litigation, Plaintiff also accused robotic mowers of infringing claims of the patent-in-suit.

## IV. THE '971 PATENT CLAIMS PATENT-INELIGIBLE SUBJECT MATTER.

### A. Alice Step One: The '971 Patent is directed to an abstract idea.

Claim 1 of the '971 Patent is directed to the abstract idea of letting a vehicle navigation device-or, more fundamentally, a person with a map-who has deviated from a route to a first pre-designated stop on a multi-stop trip, decide whether to backtrack to the missed stop or continue on to the next stop. This is not a technological improvement; it is the automation of a decision-making process that human beings have engaged in since at least the invention of the paper map.

#### 1. The claims can be performed by the human mind or with pen and paper.

"Another helpful way of assessing whether the claims of the patent are directed to an abstract idea is to consider if all of the steps of the claim could be

---

11

performed by human beings in a non-computerized 'brick and mortar' context." *Intellectual Ventures I LLC v. Symantec Corp.*, 100 F. Supp. 3d 371, 383 (D. Del. 2015), *aff'd in relevant part*, 838 F.3d 1307, 1312-1319 (Fed. Cir. 2016) and quoting *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1353 (Fed. Cir. 2014) ("[§ 101] also excludes the subject matter of certain claims that by their terms reason on… a human-controlled series of physical acts…"). The entirety of Claim 1 was long ago performed by human "navigators" in the passenger seat. Prior to traveling, a driver could mark "waypoints" and a destination on a paper map (accomplished by the "setting unit" in Claim 1) and highlight a route that reaches the destination via each of the waypoints (done by the "route searching unit"). While traveling, the passenger would follow along and track the vehicle's movement against the plan (carrying out the "route guidance" of Claim 1). If the passenger observes that the vehicle has deviated from the route to a first waypoint but is still on the route to a next waypoint, the passenger can alert the driver of the deviation and ask whether to go back to the missed waypoint or continue on—which is precisely the function of the claimed "output unit" and "input unit."

There can be no doubt that inputting destinations on a map, setting a route, tracking movement on a map, and deciding whether to skip a destination upon deviating from the route are commonly performed by human beings in a non-computerized "brick and mortar" context. Notifying a driver that they have missed a stop and letting them decide whether to continue or go back is a long-standing, well-known method of organizing human behavior that passengers have been performing since before car travel. Inputting information into maps and following routes on maps has been done at least since maps were first created. *See, e.g.*, *Concaten, Inc. v. AmeriTrak Fleet Sols.*, LLC, 131 F. Supp. 3d 1166, 1172-77 (D. Colo. 2015) (claim directed to collecting information then processing it to provide a map and instructions to an operator of a snow plow was nothing more than taking steps

routinely performed by humans), *aff'd*, 669 F. App'x 571 (Fed. Cir. 2016), *cert. denied*, 581 U.S. 919 (2017).

### 2.   The claimed advance does not present a concrete technological solution.

In assessing Step One under *Alice*, courts must also "determine whether a patent's claimed advance represents a concrete 'technological solution to a technological problem'" or whether the benefit is derived from the abstract idea itself.). Here, the '971 Patent does not hold itself out as presenting technical improvements to the five generic computer components it describes. Rather, the patent identifies its advancement as the ability to output "a waypoint passage selection message," which "enables the user to determine how to handle whether to pass via the first waypoint according to the user's own will." '971 Patent, 11:21–27.

OVD's Complaint similarly describes the purported deficiency in the art as that "systems would not allow waypoints to be skipped," and the '971 Patent solved that problem by "notifying the user, receiving input, and conditionally rerouting." *E.g.*, Complaint ¶¶ 21-23. Hence, the purported improvement is the concept itself: outputting a waypoint passage selection message in response to a deviation and receiving user input on how to proceed. It is not a specific improvement in the way hardware or software operates to carry it out. Because Claim 1 is not directed to a "specific improvement" in the way the underlying navigation device hardware or software operates, it is not patent eligible. *See Apple, Inc. v. Ameranth, Inc.*, 842 F.3d 1229, 1241 (Fed. Cir. 2016) (patent claims directed to a system including menus with particular features and claiming the results without a particular way of programming or designing the software were abstract and not patent eligible).

As the Federal Circuit explained in *Electric Power Group, LLC v. Alstom S.A.*, 830 F.3d 1350, 1354 (Fed. Cir. 2016), courts must distinguish between claims in which "the focus of the claims is not on such an improvement in computers as tools, but on certain independently abstract ideas that use computers as tools." That

13

is the situation here. Claim 1 is directed only to the broad recitation of a generic function (setting a route, detecting deviation from the route and providing a notification of such deviation, and skipping waypoints in response to a command) and not to how that function is achieved. '971 Patent at 11:21–27. There is nothing in Claim 1 that is directed to how to implement the claimed invention. Instead, it claims the result, not a technological improvement that achieves the result. *Id*.; *see also Affinity Labs of Tex., LLC v. DirecTV, LLC*, 838 F.3d 1253, 1258 (Fed. Cir. 2016).

Indeed, the Federal Circuit recently reaffirmed these principles in *Trustees of Columbia University v. Gen Digital Inc*., __ F.4th __, 2026 WL 679620 (Fed. Cir. Mar. 11, 2026), where the court reversed a district court's determination that software claims were non-abstract at Step One. The panel for the Federal Circuit emphasized that claims must "identify 'how' that functional result is achieved by limiting the claim scope to structures specified at some level of concreteness, in the case of a product claim, or to concrete action, in the case of a method claim." *Id*. (quoting *Free Stream Media Corp. v. Alphonso Inc*., 996 F.3d 1355, 1363 (Fed. Cir. 2021)). The court of appeals further held that "[c]laims that 'do not delineate steps through which the [relevant] technology achieves an improvement' are insufficient for patent eligibility." *Id*. (quoting *Recentive Analytics, Inc. v. Fox Corp*., 134 F.4th 1205, 1213 (Fed. Cir. 2025)). Just as in *Columbia*, where claims directed to comparing data against a model to determine if it is anomalous were abstract, the '971 Patent's claims are directed to the abstract idea of detecting deviation from a route and querying the user on how to proceed, without identifying how the claimed components achieve that result.

The abstract nature of the claims is further confirmed by comparison to prior cases. Courts have repeatedly found patent ineligibility for claims directed to navigation- and location-based concepts comparable to those recited in the '971 Patent. *See Location Based Servs., LLC v. Niantic, Inc.*, 295 F. Supp. 3d 1031, 1045-

14

1062 (N.D. Cal. 2017), *aff'd*, 742 F. App'x 506 (Fed. Cir. 2018) (patents invalid as directed to abstract idea of retrieving data in response to spoken request, constructing navigation query, and transmitting data to user); *Concaten*, 131 F. Supp. 3d at 1166 (claim directed to receiving vehicle location information, processing it to provide a map and instructions, and providing information to the operator was an abstract idea and did not have an inventive concept); *Never-Search, Inc. v. Apple, Inc.*, No. 24-CV-03945-RFL, 2025 WL 943229, at *3 (N.D. Cal. Feb. 28, 2025) (granting motion to dismiss after finding no patent eligibility for claims directed at a "particular problem" of allowing access to qualitative information without exiting geographical map interface because "that problem is not technology-based, but exists equally with paper maps…") (*citing IBM v. Zillow Grp.*, 50 F.4th 1371, 1377–78 (Fed. Cir. 2022)); *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1337 (Fed. Cir. 2017) (finding abstract claim reciting "a method for routing information using result-based functional language").

### 3.    The Husqvarna EPOS Features confirm the patent-ineligible character of the claims.

While the ineligibility of the '971 claims is apparent from the claims themselves, the appropriateness of dismissal at the pleading stage is confirmed by OVD's Complaint that identifies the same pen-and-paper navigation and deviation alerts, albeit via general purpose computer, without anything more. The '971 claims do not recite any particular improvements to navigation (or any other) technology.

In the Complaint, Plaintiff alleges that the Husqvarna Accused Products satisfy the setting unit of Claim 1[a] because they "automatically calculates the most efficient route to and from the charging station's docking point" and "will vary its route on the lawn to avoid unpleasant tracks." Complaint ¶ 36. The Plaintiff further alleges that the Husqvarna Accused Products satisfy the output unit element because the products allegedly send a notification to the user when the mower has deviated from its planned route, and satisfy the input unit element because the products

15

allegedly receive a command from the user indicating whether to resume the prior path or reroute. Stripped of their technical-sounding labels, these alleged features are simply the automated execution of the human waypoint-skipping decision process.

Well before the '971 Patent was filed, an attentive homeowner could plan a mowing route through designated lawn zones on a hand-drawn map, observe that the mower had strayed from the path to a particular zone, and then decide whether to redirect the mower back to that skipped zone or continue on to the next zone. The patent claims are not directed to a technological invention; rather, they claim the automation of a mental process that any attentive homeowner could perform, and has historically performed, without any computer at all. The '971 Patent claims only the bare logic of detecting a deviation, issuing a notification, and acting on user input. The fact that this abstract logic could happen on an autonomous vehicle does not render it patent eligible. *See Alice*, 573 U.S. at 223 ("[S]imply appending conventional steps, specified at a high level of generality, [is] not enough to supply an inventive concept.").

### 4.    The allegations in the Complaint fail *Alice* Step One.

OVD's Complaint contains the same boilerplate, conclusory allegations that characterized its complaint against Segway: asserting that the Patent-in-Suit "claims specific technological improvements to the way existing vehicle navigation and control systems and subsystems operate" and is "not a mere computerization of a mental process." Complaint ¶ 22. These are precisely the types of generic and conclusory allegations that are insufficient to defeat a motion to dismiss:

Conclusory allegations, or those 'wholly divorced' from the claims or the specification cannot defeat a motion to dismiss And a patentee that emphasizes a claim's use of certain technology, for example, a general-purpose computer, fails at step two when the intrinsic record establishes that the technology is conventional or

well-known in the art. *AI Visualize, Inc. v. Nuance Commc'ns, Inc.*, 97 F.4th 1371, 1380 (Fed. Cir. 2024) (internal citations omitted).

When the claims of the '971 Patent are actually examined against these conclusory assertions, they plainly fail to disclose any specific technological improvement.

In *Columbia*, the Federal Circuit rejected the patentee's attempts to rely on specification details not reflected in the claims, holding that "[i]t cannot be said that the claims are directed to a technological improvement when nothing in the claims requires the steps necessary to make the improvement." *Columbia*, 2026 WL 679620, at *6. The court further emphasized that "only features that are claimed, not unclaimed details that appear in the specification, can supply something beyond . . . an abstract idea and sufficient to render the claim eligible." *Id.* (quoting *GoTV Streaming v. Netflix, Inc.,* 166 F.4th 1053, 1061 (Fed. Cir. 2026)). OVD's Complaint suffers from the same deficiency: it points to purported technological benefits not required by the claim language itself.

**B.** *Alice* **Step Two: The claims do not provide an inventive concept.**

Even if this Court were to conclude that the '971 Patent's claims survive Step One—which, as shown above, they do not—Step Two compels the same result. "The second step of the *Alice* inquiry asks, 'whether the claims do significantly more than simply describe [the] abstract method and thus transform the abstract idea into patentable subject matter.'"

**1.** **The individual claim elements are routine and conventional.**

Claim 1 recites five concrete components: a "setting unit," a "route searching unit," a "route guidance unit," a "output unit," and a "input unit." None of these components, considered individually, constitute an inventive concept. The '971 Patent itself expressly admits that the "route search unit" and the "route guidance unit" were known in the prior art. '971 Patent at 1:15–25. As for the "output unit" and the "input unit," the patent teaches that the output unit creates "an image signal"

sent "to the monitor" and "an audio signal" sent "to the audio speaker," while the input unit "receives and analyzes an input signal" from a "remote control" and sends it "to the control unit as an operation command." *Id*. at 4:25–40. These are generic and conventional functions of a monitor and a speaker, respectively. The '971 Patent provides no specific improvements to these technologies. *See Location Based Servs*., 295 F. Supp. 3d at 1056 (finding no inventive concept where each element of the claim performs its conventional function).

The specification itself describes these components as various parts of a generic computer system, including a microcomputer, a monitor, and an audio speaker. '971 Patent, 3:1-15, 45-50. Analogous generic computer components have consistently been found insufficient to supply an inventive concept under Step Two. *AI Visualize*, 97 F.4th at 1380 (discussing cases and affirming district court dismissal of patent ineligible claims under *Alice* step two because the claims and intrinsic record involved nothing more than conventional computer functions); *Beteiro, LLC v. DraftKings Inc*., 104 F.4th 1350, 1358 (Fed. Cir. 2024) (affirming district court dismissal because claims and specification generically described the use of conventional GPS technology and conventional computers); *Sanderling Mgmt. Ltd. v. Snap Inc*., 2021 WL 3161175 (C.D. Cal. May 18, 2021), *aff'd*, 65 F.4th 698, 702-705 (Fed. Cir. 2023).

The Federal Circuit's recent decision in *Columbia* is again instructive. There, the court of appeals held that in the software context, "[b]y itself, virus screening is well-known and constitutes an abstract idea," and that "a claim that 'does not claim a new method of virus screening or improvements thereto' and does not 'improve or change the way a computer functions' is directed to an abstract idea." *Columbia*, 2026 WL 679620, at *5 (quoting *Intell. Ventures*, 838 F.3d at 1319–20). The court of appeals further confirmed that "[s]imply appending conventional steps, specified at a high level of generality," which are "well known in the art" and consist of "well-understood, routine, conventional activit[ies]" previously engaged in by

workers in the field, "is not sufficient to supply the inventive concept." *Id*. at *7 (quoting *Alice*, 573 U.S. at 221–22, 225). The same analysis applies here: the '971 Patent appends the well-known concepts of route guidance, deviation detection, and user notification onto generic computer components, and does so without claiming any improvement to the underlying technology.

### 2. The claim elements as an ordered combination fail to provide an inventive concept.

When considered as an "ordered combination," the elements of Claim 1 also fail to supply the inventive concept that Step Two demands. The five elements are arranged in a well-known and conventional sequence: the setting unit sets the waypoints, the route search unit searches a route for those waypoints, the route guidance unit carries out the guidance, the output unit outputs a message, and the input unit inputs a command. The '971 Patent does not claim that anything is new about this arrangement—nor could it, as this is the same order these steps have been performed since maps have been in existence. Because the ordering of these components adds nothing to the analysis beyond the individual concepts themselves, the claims are patent ineligible. *Chamberlain Group, Inc. v. Techtronic Indus. Co.*, 935 F.3d 1341, 1348-49 (Fed. Cir. 2019) (ruling patent claims ineligible because the ordered combination of elements did not transform the abstract idea of communicating status information wirelessly into an inventive concept).

### 3. The inventive concept allegations in the Complaint are conclusory and therefore insufficient.

OVD's Complaint asserts, without adequate factual support, that the '971 Patent introduced a "new control mechanism with real-world effects that improves the operation of vehicle navigation and control devices." Complaint ¶ 24. But "technological details set forth only in the specification, and not in the patents' claims, cannot supply an inventive concept." *Netflix, Inc. v. Broadcom Inc.*, No. 24-09324, 793 F. Supp. 3d 1168, 1178 (N.D. Cal. 2025). Here, when the claims

themselves are examined, no inventive concept appears. The claims are directed entirely to the function of skipping waypoints, and not to any specific technological improvement that achieves that function.

The purported benefit of the '971 Patent - the ability to instruct a navigation device to skip a waypoint - flows entirely from the ineligible waypoint-skipping concept, not from any claimed improvement to computer or GPS technology. "The improved speed or efficiency inherent with applying the abstract idea on a computer" does not provide an inventive concept. *Cascades Branding Innovation LLC v. Aldi, Inc.*, 728 F. Supp. 3d 917, 933 (N.D. Ill. 2024). Nor does the '971 Patent or OVD's Complaint identify any improvement to the technology implementing that same concept. Merely identifying supposed "efficiencies" is not sufficient to provide an inventive concept under *Alice* Step Two. *Beteiro*, 104 F.4th at 1358 (Fed. Cir. 2024) (affirming dismissal because claims directed to routine use of GPS technology did not provide an inventive concept); *Aviation Capital Partners, LLC v. SH Advisors, LLC*, No. 24-1099, 2025 WL 1303663, at *3 (Fed. Cir. May 6, 2025) (affirming district court dismissal because claims directed to determining an aircraft landed at airport based on speed and altitude of aircraft was a simple "application of common sense and physics" while using conventional technology) (nonprecedential).

Here, the '971 Patent merely teaches how "to implement an abstract idea 'with routine, conventional [computing] activity.'" *Move, Inc. v. Real Estate Alliance Ltd.*, 221 F. Supp. 3d 1149, 1165 (C.D. Cal. 2016) (finding patent relating to methods for locating real estate properties using a zoom-enabled map on a computer was an abstract idea lacking inventive concept). Therefore, the Complaint must be dismissed under § 101.

Mem. in Support of Lowe's Motion to Dismiss                    Case No. 2:26-cv-00856-MWC-PVC

## V.    THE COMPLAINT DOES NOT PLEAD SUFFICIENT FACTS FOR PRE-SUIT DAMAGES

Plaintiff's Complaint explicitly requests "past damages at least since the filing of this Original Complaint." Complaint ¶ 46, Prayer for Relief (B) & (E). Yet the Complaint fails to allege compliance with the marking statute or that actual notice of infringement was given to Lowe's before this lawsuit was filed. This deficiency is fatal to OVD's pre-suit damages claim.

The duty of alleging and the burden of proving either actual or constructive notice is upon the patentee. *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894). Where, as here, a patentee has not alleged that it or its licensees marked products covered by the '971 Patent, nor that it gave actual notice of infringement to Lowe's prior to the filing of this lawsuit, the patentee's damages can only run from the date the patentee filed the complaint. Because the Complaint relies solely on the filing of the lawsuit for establishing Lowe's awareness of the patent, that complaint filing date is the earliest possible date of actual notice, and OVD is not entitled to earlier damages. *See, e.g.*, *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020); *Yangtze Memory Techs. Co., Ltd. v. Micron Tech., Inc.*, No. 23-CV-05792-RFL, 2024 WL 3422598, at *1 (N.D. Cal. July 16, 2024) (claims asserting pre-suit damages must provide proof of marking under 35 U.S.C. § 287).

Although Claim 19 of the '971 Patent is a method claim, and not subject to the marking requirement, reframing the analysis does not assist OVD. Infringement of a method claim by a downstream seller such as Lowe's can only be indirect and *still* requires proof that the defendant had knowledge of the patent and the infringing nature of the acts prior to the lawsuit. *See Rembrandt Soc. Media, LP v. Facebook, Inc.*, 950 F. Supp. 2d 876, 882 (E.D. Va. 2013) ("[T]here is an important consequence of relying on the filing and service of the infringement suit to satisfy the knowledge requirement to establish indirect infringement: Plaintiff may only recover damages for indirect infringement for the period of time that commences once the putative infringer learns of the patent."). These facts are not alleged at any

point in the Complaint. Accordingly, OVD's claim for pre-suit damages should be dismissed for failure to state a claim.

## VI.    CONCLUSION

For the foregoing reasons, Defendant Lowe's Home Centers, LLC respectfully requests that this Court:

1.    Dismiss Plaintiff's Complaint with prejudice under Rule 12(b)(6) because the '971 Patent claims patent-ineligible subject matter under 35 U.S.C. § 101; and

2.    Dismiss Plaintiff's claim for pre-suit damages with prejudice for failure to plead actual or constructive notice under 35 U.S.C. § 287.

Dated: April 6, 2026

Respectfully submitted,

*/s/Aaron R. Hand*
**BUNSOW DE MORY LLP**
Aaron R. Hand (SBN 245755)
ahand@bdiplaw.com
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248

**BURR & FORMAN, LLP**
Lance Lawson (*pro hac vice* forthcoming)
llawson@burr.com
101 South Tryon Street, Suite 2610
Charlotte, NC 28280
Telephone: (704) 347-1170

P. Cade Spivey (*pro hac vice* pending)
cspivey@burr.com
50 North Laura Street, Suite 3000
Jacksonville, FL 32202
Telephone: (904) 232-7200

*Attorneys for Defendant*
*Lowe's Home Centers, LLC*

## **Certificate of Compliance**

The undersigned, counsel of record for Defendant Lowe's Home Centers, LLC, certifies that this brief contains 5072 words, which complies with the word limit of L.R. 11-6.1.

                                    /s/ Aaron R. Hand
                                    Aaron R. Hand
                                    *Attorney for Defendant*
                                    *Lowe's Home Centers, LLC*

Mem. in Support of Lowe's Motion to Dismiss                    Case No. 2:26-cv-00856-MWC-PVC